UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| SUSAN L. BOATRIGHT,<br>      Plaintiff,<br><br>      v.<br><br>UNIVERSITY OF RHODE ISLAND,<br>and UNIVERSITY OF RHODE<br>ISLAND BOARD OF TRUSTEES,<br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)    C.A. No. 25-cv-549-MRD-AEM<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

Melissa R. DuBose, United States District Judge.

Susan L. Boatright claims that, after over thirty years as a professor at the University of Rhode Island ("URI"), she was "compelled to retire" after university representatives attempted to "dismantle her courses," failed to compensate her, and retaliated against her on the basis of her protected characteristics. *See generally* ECF No. 1-2. Boatright brings several claims – both federal and state – against the university and its Board of Trustees. *Id.* Before the Court is Defendants' Motion to Dismiss the Complaint for failure to state a claim and Boatright's Motion to Amend the Complaint. ECF Nos. 5, 13. For the reasons stated below, the Motion to Dismiss is GRANTED in its entirety and the Motion to Amend is DENIED as moot.

## I.    BACKGROUND

### A. Facts

Susan L. Boatright is a former professor at URI holding emeritus status. ECF No. 1-2 ¶¶ 5-6. She was employed by URI from August 1992 until December 30, 2023.

*Id.* ¶ 5. She is a Caucasian female alleging disabilities relating to long COVID, emphysema, anxiety, and COPD. *Id.* ¶ 7.

Boatright claims that she requested reasonable accommodation to teach her courses remotely, but this request was "unreasonably delayed by the university such that it impacted her employment conditions and teaching status." *Id.* ¶ 9. She alleges that, at various times, supervisors labeled her as a "white ally" because she raised concerns regarding treatment of members of the campus community on the basis of their racial and ethnic backgrounds. *Id.* ¶ 13.

Boatright claims that, during her employment, she was denied an annual summer stipend and that her successor, a significantly younger person of color, received such a stipend and "was paid significantly more" for the same work. *Id.* ¶ 16. She alleges that URI's collective bargaining agreement and its faculty and appointment letters "were not uniformly applied," and other employees received pay and compensation which Boatright was denied. *Id.* ¶ 17. She further claims that she was denied promotions for which she was eligible, in favor of persons without her protected characteristics. *Id.* ¶ 19. Boatright alleges that, after her retirement, URI campus police and the URI administration failed to take action after she reported "racist and harassing communications" she was receiving in August 2024. *Id.* ¶¶ 14-15.

### B. Procedural History

Boatright filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 30, 2024. ECF No. 6-1. The EEOC

dismissed her claims as time-barred and issued a right-to-sue letter.  ECF Nos. 1-2 ¶ 12, 6-2.  Boatright subsequently filed suit in Rhode Island Superior Court on June 30, 2025.  ECF No. 1-1.  On October 22, 2025, she filed the operative Amended Complaint, bringing federal claims under Title I of the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the Fair Labor Standards Act ("FLSA"), and the Age Discrimination in Employment Act ("ADEA"), along with state claims under the Rhode Island Civil Rights Act ("RICRA"), false light/defamation, and breach of contract.  *See generally* ECF No. 1-2.   Defendants promptly removed the case to this Court and filed the instant Motion to Dismiss for failure to state a claim.  ECF Nos. 1, 5.  On April 20, 2026, after several requests for an extension of time, Boatright filed a Motion to Amend the Complaint and a Response in Opposition to Defendants' Motion to Dismiss.  ECF Nos. 13, 14.

## II.    LEGAL STANDARD

### A. Motion to Dismiss

Under Rule 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly,* 550 U.S. 544, 570 (2007)).   To determine whether a complaint states a legal claim that is plausible on its face, the court engages in a two-step inquiry.  First, the court "sifts[s] through the averments in the complaint," and "separat[es] conclusory legal allegations (which may be

3

disregarded) from allegations of fact (which must be credited)." *Rodríguez-Reyes v. Molina-Rodríguez,* 711 F.3d 49, 53 (1st Cir. 2013) (citing *Morales-Cruz v. Univ. of P.R.,* 676 F.3d 220, 224 (1st Cir. 2012)). Second, the court determines whether the remaining factual content "gives rise to a plausible claim to relief." *Id.* (citing *Morales-Cruz,* 636 F.3d at 224).

### B. Motion to Amend Complaint

Rule 15(a)(2) states that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This approach is intentionally "liberal" and "consistent with the federal courts' longstanding policy favoring the resolution of disputes on the merits." *Amyndas Pharmaceuticals, S.A. v. Zealand Pharma A/S*, 48 F.4th 18, 36 (1st Cir. 2022) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). To depart from this permissive standard, a court must have a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Id.* (quoting *Foman*, 371 U.S. at 182).

### III.    DISCUSSION

### A. ADA, Title VII, and ADEA Claims (Counts II, III, and VI)

Boatright brings federal claims against Defendants under the ADA, Title VII, and the ADEA. ECF No. 1-2 ¶¶ 29-39, 49-57. Defendants argue that each of these claims must be dismissed as time-barred. ECF No. 5-1 at 16. Under Title VII, the ADA, and the ADEA, one must file an administrative charge within, at the very most,

4

300 days of any alleged discrimination.    42 U.S.C. § 2000e–5(e)(1); 42 U.S.C. § 12117(a) (extending Title VII's enforcement powers, remedies, and procedures – including the time period for filing an administrative charge – to the ADA); 29 U.S.C. § 626(d)(1).  Boatright retired from URI on December 30, 2023, ECF No. 1-2 ¶ 5, and filed her initial complaint on June 30, 2025, ECF No. 1-1.  She belatedly submitted a charge against URI to the EEOC on December 30, 2024 – 366 days after her retirement date.  ECF No. 6-1.  The EEOC subsequently dismissed her claims as time-barred.  ECF No. 6-2.

Boatright indicated in her Amended Complaint that she knew from the jump these claims were untimely.  She alleges that her ailments and asserted disabilities "not only impacted [her] work and daily life but impeded her ability to file federal charges of discrimination earlier than she did."  ECF No. 1-2 ¶ 7.  To excuse her untimely filing, she reasserts in her Response to Defendants' Motion to Dismiss that "her medical conditions/disabilities impeded her ability" to initiate her claims of discrimination, but does not provide either any elaboration on how or provide any case law to support this basis for the admitted untimely filing.  ECF No. 14-1 at 4.

Only in "exceptional circumstances" will equitable doctrines like tolling or estoppel extend the statute of limitations.  *Farris v. Shinseki*, 660 F.3d 557, 563 (1st Cir. 2011) (citation omitted).  When a plaintiff claims disability as an excuse for filing outside of the statute of limitations, equitable relief is available "in principle but only if the plaintiff show[s] that the . . . disability was so severe that [they were] 'unable to engage in rational thought and deliberate decision making sufficient to pursue

5

[their] claim alone or through counsel.'" *Meléndez-Arroyo v. Cutler-Hammer de P.R. Co., Inc.*, 273 F.3d 30, 37 (1st Cir. 2001) (quoting *Nunnally v. MacCausland*, 996 F.2d 1, 5 (1st Cir. 1993)).  Because Boatright makes only vague and unsubstantiated assertions about how her medical conditions prohibited timely filing, ECF Nos. 1-2 ¶¶ 7, 14, she wholly fails to meet the heavy burden of showing that she was unable to "engage in rational thought and deliberate decision making," *Melendez-Arroyo*, 273 F.3d at 37 (quoting *Nunnally*, 996 F.2d at 5).  As such, Boatright's claims under the ADA, Title VII, and the ADEA are dismissed as untimely.[1]

### B.  FLSA Claim (Count IV)

Boatright alleges that Defendants violated the FLSA by failing, refusing, or withholding pay owed to her and by subjecting her to workplace harassment and retaliation for reporting potential wage violations.  ECF No. 1-2 ¶¶ 41-44. Defendants argue that teachers such as Boatright are exempt from the FLSA, and in

---

[1] The Court notes that, in her Response to Defendants' Motion to Dismiss, Boatright argues that her claims "may constitute continued violations," excusing their untimeliness.  ECF No. 14 at 4.  But Boatright failed to allege any continued violations in her operative complaint or provide any details to support this argument in her Response.  And, if she had done so in the latter filing, the Court would disregard those allegations.  *See Glaros v. Perse*, 628 F.2d 679, 681 (1st Cir. 1980) (stating that when a court is evaluating a motion to dismiss, it disregards additional allegations not contained in the operative complaint).  The Court notes that, in her Proposed Amended Complaint, Boatright elaborates ever so slightly upon the relationship between her medical conditions and her ability to file in a timely manner, claiming that symptoms such as heightened stress response "at times" prevented her from "effectively recogniz[ing], organiz[ing], and act[ing] upon certain of her legal rights within the prescribed filing period . . . ."  ECF No. 16 at ¶ 10.  Even if this was the operative complaint at this time, this clarification is insufficient to meet the heavy burden of showing severe disability and an incapacity to engage in rational thought and action.  *See Melendez-Arroyo*, 273 F.3d at 37. Thus, Boatright fails to persuade this Court that it should apply equitable tolling.

the alternative, that her FLSA claim is neither timely nor plausible.  ECF No. 5 at 18-19.

The FLSA plainly does not apply to "any employee employed in a bona fide executive, administrative, or professional capacity."  29 U.S.C. § 213(a)(1).  The term "employee employed in a bona fide professional capacity" includes "any employee with a primary duty of teaching, tutoring, instructing or lecturing in the activity of imparting knowledge and who is employed and engaged in this activity as a teacher in an educational establishment by which the employee is employed."  29 C.F.R. § 541.303(a).  An "educational establishment" refers to an "elementary or secondary school system, an institution of higher education or other educational institution."  29 C.F.R. § 541.204(b).  As a professor at an institution of higher education, Boatright was engaged in "teaching, tutoring, instructing or lecturing in the activity of imparting knowledge" at an "educational establishment."  Therefore, under FLSA's teacher exemption, Boatright is not entitled to relief under this statute, and her FLSA claim is dismissed.  Because Boatright's FLSA claim can be dismissed solely on the basis of the teacher exemption, the Court declines to analyze any timeliness or plausibility issues.

### C.  State Law Claims (Counts I, V, and VII)

Without any viable federal claims, the Court is left only with Boatright's state law claims of RICRA violations, false light/defamation, and breach of contract.  ECF No. 1-2.  When a district court has dismissed all claims over which it had original jurisdiction, it retains the discretion to decline to exercise supplemental jurisdiction over the remaining claims.  28 U.S.C. § 1367(c); *see Vazquez-Velazquez v. Puerto Rico*

7

*Highways and Transp. Auth.*, 73 F.4th 44, 52-53 (1st Cir. 2023).  In accordance with the "general principle" that "the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit . . . will trigger the dismissal without prejudice of any supplemental state-law claims," *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995), the Court declines to exercise supplemental jurisdiction over Boatright's remaining state law claims.  The Court decides so based on Boatright's continued though waning ability to pursue her claims in state court and the strong interests of the State of Rhode Island in adjudicating the merits of a state law claim.  *See Camelio v. American Fed'n*, 137 F.3d 666, 672 (1st Cir. 1998) (noting that whether a court should decline supplemental jurisdiction depends on a "pragmatic and case-specific evaluation of a variety of considerations," including "the interests of fairness, judicial economy, convenience, and comity").  Boatright's remaining claims are thereby dismissed without prejudice.

### D. Amendment of Complaint

Boatright argues that the Court should grant her Motion to Amend the Complaint because, under Rule 15(a)(2), courts "should freely give leave when justice so requires."  ECF No. 17.  According to Defendants, Boatright has not complied with Rule 15(a)(1)'s twenty-one day deadline for an amendment as a matter of course, nor with Local Rule 15's requirement that a motion to amend "explain how the pleading differs from the original and why the amendment is necessary."  ECF No. 15 at 3. Boatright claims that this argument is misplaced.  ECF No. 17 at 3.  She does not seek to amend the complaint as of right but has filed a motion for leave of court

because amendment would directly allow her to "tighten her claims" and focus the litigation. *Id.* at 2. Defendants also argue that Boatright has neither shown the plausibility of her claims as pled in her first amended complaint nor demonstrated why further leave to amend through a second amended complaint would not be futile or prejudicial to them. ECF No. 15 at 1. Boatright responds that her Motion to Amend is not futile because the factual allegations contained in her Proposed Amended Complaint "directly relate[] to the timeliness and plausibility of her claims." ECF No. 17 at 4.

Despite federal courts' generally liberal practice of granting leave to amend under Rule 15(a)(2), *see Amyndas Pharmaceuticals*, 48 F.4th at 36, leave to amend should be denied if it would be futile such that the amended pleading would fail to state a claim upon which relief can be granted, *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). Here, amendment would be futile because Boatright's Proposed Amended Complaint (ECF No. 16) neither articulates any exceptional circumstances that might cure the timeliness defects of her federal claims nor adds allegations that indicate the FLSA teacher exemption would not apply to her. Because the Court concludes that docketing the Proposed Amended Complaint would be futile, it need not reach Defendants' arguments about prejudice.

Without any federal claims and considering the Court's election to decline exercising supplemental jurisdiction over the remaining state law claims, as a practical matter the Court denies Boatright's Motion to Amend as moot.

9

## IV.   CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED in its entirety and Boatright's Motion to Amend is DENIED.

IT IS SO ORDERED.

Melissa R. DuBose
United States District Judge
July 23, 2026

10